UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS CARR, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ILLINOIS STATE POLICE; TROOPER | ) | No. 17 C 413 |
| ERIC DAVID (Badge #6329), in his | ) | |
| Individual and Official Capacity; CAPTAIN | ) | Judge Thomas M. Durkin |
| THE V. TRAN, in his Individual and Official | ) | |
| Capacity; LIEUTENANT MARCUS GIBSON, | ) | |
| in his Individual and Official Capacity, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Marcus Carr brings this *pro se* complaint against defendants Illinois State Police, Trooper Eric David, Captain The V. Tran, and Lieutenant Marcus Gibson alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Currently pending before the Court are: (1) defendants' motion to dismiss (R. 21); (2) Carr's motion to strike (R. 23); and (3) Carr's amended motion to strike (R. 26). For the reasons explained below, the Court grants defendants' motion to dismiss (R. 21) and denies Carr's motions to strike (R. 23, R. 26).

**Standard**

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009); Fed. R. Civ. P. 12(b)(6). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and

providing defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Id.*

Rule 12(b)(1) authorizes the Court to dismiss any claim for which the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Rule 12(b)(1) is the proper vehicle when adjudicating issues of sovereign immunity." *Anderson v. United States Dep't of Agric.*, 2017 WL 4791776, at *2 (S.D. Ill. Oct. 24, 2017); *accord Rao v. Gondi*, 2017 WL 4215889, at *1 (N.D. Ill. Jan. 11, 2017) ("Illinois filed its motion to dismiss pursuant to Rule 12(b)(6) but motions asserting sovereign immunity are typically filed pursuant to Rule 12(b)(1), which requires dismissal when the court lacks subject matter jurisdiction."). Rule 12(b)(1) also is the appropriate vehicle to

adjudicate challenges to standing, which is a "jurisdictional requirement." *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). When determining if subject matter jurisdiction is proper, "the district court must accept as true all material allegations of the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor, unless standing is challenged as a factual matter." *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 691 (7th Cir. 2015) (quotation marks omitted). If a defendant factually challenges the basis for federal jurisdiction, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex*, 572 F.3d at 444. "In all cases, the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012).

In evaluating a *pro se* complaint, the Court applies a less stringent standard than it applies to formal pleadings drafted by lawyers. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). But the Court need not ignore facts set forth in the complaint that undermine the plaintiff's claim, and the Court is not required to accept the plaintiff's legal conclusions. *Johnson v. Thompson-Smith*, 203 F. Supp. 3d 895, 900 (N.D. Ill. 2016).

**Background**

Carr alleges that on October 14, 2013, he was pulled over in a traffic stop by Trooper Eric David, one of the defendants. R. 7 at ¶ 2. During the stop, Trooper

3

David allegedly made racist comments to Carr and his wife, both of whom are African-American, and treated them unnecessarily harshly on account of their race. *Id.* For example, Trooper David threatened to "taze" Carr, and in addition to conducting a series of standard field sobriety tests, he made Carr count backwards from 69 to 34. *Id.* Trooper David also allegedly stated "[u]nbelievable no warrants" after running Carr's driver's license information. *Id.*

During the stop, Trooper David gave Carr a breathalyzer test. *Id.* Carr states that he has never seen his breathalyzer results, but that Trooper David told him both that "[his] count was low" and that his breathalyzer result was .09 (which is above the legal limit). *Id.* Carr alleges that he had taken Thera-Flu earlier that night, and that if his blood alcohol level registered above the legal limit, the Thera-flu was the reason why. *Id.* Trooper David found the Thera-Flu box when he performed a search of Carr's car. *Id.* at ¶ 6. Trooper David ultimately arrested Carr for driving under the influence ("DUI"), in part, Carr alleges, because Trooper David wanted to maintain his "streak" of making three DUI arrests per shift. *Id.* at ¶ 2.

Carr alleges that after his arrest, Trooper David refused to let Carr's wife drive their car home. *Id.* Instead, the car was towed, and Carr's wife was left alone on the road after midnight when Trooper David took Carr in for booking. *Id.* Carr alleges that Trooper David "failed to promote safety" by leaving Carr's wife alone on the expressway in the middle of the night. *Id.* Carr's wife is not a plaintiff in this case.

Carr alleges that on January 17, 2016, he filed a civil rights complaint with the Illinois State Police Office of Internal Investigation. *Id.* at ¶ 3. The complaint was investigated by Captain Tran, another defendant. *Id.* Carr alleges that Tran's investigation was inadequate because it did not contain information regarding Carr's breathalyzer results and because Carr's wife, who had witnessed the event, was never contacted. *Id.* The investigation was closed on May 3, 2016, after the Illinois State Police Division of Internal Investigation found no evidence to support Carr's allegations. *Id.* at ¶ 5.

On December 28, 2016, Carr made a request under the Freedom of Information Act for records related to the incident and complaints related to Trooper David. *Id.* at ¶ 4. He learned from those records that Trooper David had been disciplined in connection with other motorist complaints. *Id.* at ¶¶ 4, 8. Carr believes that the investigation of his complaint failed to hold Trooper David accountable for race discrimination. *Id.* at ¶ 4.

Carr's *pro se* complaint filed on January 19, 2017 alleges violations of his First, Fourth, Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983. R. 1. He filed an amended complaint on February 15, 2017 that is identical to the original complaint except that it no longer attaches any exhibits. R. 7. In addition to Trooper David and Captain Tran, Carr sues Lieutenant Marcus Gibson and the Illinois State Police. The individual defendants are all sued in their personal and official capacities. Carr seeks damages and "injunctive relief sufficient to protect Plaintiff and his family from harassment by the Illinois State Police." *Id.* at pp. 4-5.

**Discussion**

Defendants move to dismiss the complaint, arguing: (1) Carr's claims against the Illinois State Police and individual defendants in their official capacities are barred by Eleventh Amendment sovereign immunity or should be dismissed for lack of standing; (2) the claims against Trooper David in his individual capacity are time-barred; and (3) Carr has failed to state a plausible claim for relief against Captain Tran or Lieutenant Gibson in their individual capacities. Carr moves to strike defendants' motion to dismiss, arguing that defendants have not properly responded to his allegations with an answer and affirmative defenses. The Court addresses each argument in turn.

1. **Illinois State Police And Official Capacity Claims: Eleventh Amendment Immunity And Standing**

Defendants move to dismiss all claims against the Illinois State Police and the individual defendants in their official capacities on Eleventh Amendment sovereign immunity and standing grounds. The Court begins by addressing the claims against the Illinois State Police, followed by the official capacity claims.

**Illinois State Police.** Eleventh Amendment sovereign immunity bars a suit in federal court against a state or its agencies unless the state consents to suit in federal court or Congress has abrogated the state's immunity. *Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984); *Kroll v. Bd. of Trs. of the Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991). The Eleventh Amendment applies to the Illinois State Police as an agency of the State of Illinois. *See Tucker v. Williams*, 682 F.3d 654, 659 (7th Cir. 2012) ("State agencies are treated the same as states for purposes of

the Eleventh Amendment."); *see also, e.g.*, *Moore v. Ill. State Police*, 2001 WL 1636920, at *2 (N.D. Ill. Dec. 20, 2001) (collecting cases finding the Illinois State Police to be a state agency for Eleventh Amendment purposes). Illinois, and the Illinois State Police as its agent, have not waived Eleventh Amendment immunity. *See* 745 ILCS 5/1 ("the State of Illinois shall not be made a defendant or party in any court"). And "Congress has not expressly conveyed an unequivocal intent to abrogate the state's immunity under Section[] . . . 1983." *McGee v. Ill. Dep't of Transp.*, 2002 WL 31478261, at *3 (N.D. Ill. Nov. 5, 2002); *see also Gossmeyer v. McDonald*, 128 F.3d 481, 493 (7th Cir. 1997) ("finding neither waiver" by Illinois "nor congressional override"). Accordingly, the Court dismisses Carr's § 1983 claims against the Illinois State Police. *See, e.g.*, *Moore*, 2001 WL 1636920, at *2 (dismissing § 1983 claim against Illinois State Police as barred by Eleventh Amendment immunity and collecting cases).

**Official Capacity Claims.** Suits against state employees in their official capacities are generally treated like suits against the state itself for Eleventh Amendment purposes. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). In particular, claims for "money damages" against individual defendants in their official capacities are barred by Eleventh Amendment immunity. *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994). Carr's claims for money damages against the individual defendants in their official capacities therefore must be dismissed.

Official capacity claims for prospective relief are not, however, treated as actions against the state; therefore, an action against a state employee in his official

7

capacity for injunctive relief is allowed. *Graham*, 473 U.S. at 167 n. 14; *accord Garcia*, 24 F.3d at 969. And Carr does sue the individual defendants in their official capacities for injunctive relief.

Defendants further argue, however, that Carr's injunctive relief request fails for lack of standing. To have standing to assert a claim for injunctive relief in federal court, the threat of future injury "must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (quotation marks omitted). In evaluating constitutional claims following arrests, the Supreme Court and Seventh Circuit have found that a plaintiff lacks standing to seek injunctive relief unless the plaintiff has plausibly alleged a "real and immediate threat of again" being subjected to the alleged mistreatment. *Id.* at 110; *see Garcia*, 24 F.3d at 969 (no standing to seek injunctive relief absent allegations showing danger of future arrest in similar manner).

Carr's request for injunctive relief arises from an arrest that occurred more than four years ago. Just as in *Lyons*, "it is surely no more than speculation to assert . . . that [Carr] himself will again be involved in one of these unfortunate instances." 461 U.S. at 108. Carr thus lacks standing to seek an injunction. *See id.*; *see also Garcia*, 24 F.3d at 969.

For these reasons, the Court dismisses pursuant to Rule 12(b)(1) Carr's claims against the Illinois State Police, his claims against defendants David, Tran, and Gibson in their official capacities, and his request for injunctive relief.[1]

### 2. Individual Capacity Claims Against Trooper David: Statute Of Limitations

Trooper Davis moves to dismiss the individual capacity claims against him under Rule 12(b)(6) as barred by the statute of limitations. "[W]hen a plaintiff's complaint . . . sets out all of the elements of an affirmative defense" of the statute of limitations, "dismissal under Rule 12(b)(6) is appropriate." *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012).

As the Supreme Court has recently explained, "[s]tatutes of limitations are designed to encourage plaintiffs to pursue diligent prosecution of known claims." *California Pub. Employees' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2049 (2017) (quotation marks omitted). Because "§ 1983 claims are best characterized as personal injury claims," "courts . . . apply the [relevant] state limitations period governing personal injury claims to all § 1983 claims." *Woods v. Ill. Dep't of Children and Family Serv.*, 710 F.3d 762, 765 (7th Cir. 2013); *accord Wilson v.*

---

[1] Dismissals under Rule 12(b)(1) are technically without prejudice. *See Remijas*, 794 F.3d at 697 (dismissing for lack of "Article III standing" "necessarily resulted in dismissal without prejudice"); *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 969 (7th Cir. 2016) ("the district court here dismissed the plaintiffs' claims for lack of subject-matter jurisdiction, which is a dismissal without prejudice"). Because the defects the Court has identified are not defects that can be "cured by amending the complaint," however, "this dismissal without prejudice [i]s final in practical terms." *Nu%25nez v. Ind. Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016) (addressing "dismissal based on Eleventh Amendment immunity").

9

*Garcia*, 471 U.S. 261, 276 (1985). "In Illinois, the statute of limitations for personal injury actions is two years, and so section 1983 actions litigated in federal courts in Illinois are subject to that two year period of limitations." *Jenkins v. Village of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007) (citing 735 ILCS 5/13-202). "A civil rights action generally accrues" and the statute of limitations begins to run "when the plaintiff knew or had reason to know of the injury that is the basis of his claim. Generally, a claim of false arrest and/or illegal search and seizure and/or excessive force accrues at the time of the arrest/search and seizure." *Jamison v. Urban*, 2010 WL 11545773, at *2 (N.D. Ill. Feb. 1, 2010), *aff'd*, 411 F. App'x 919 (7th Cir. 2011).

Carr's complaint clearly and repeatedly states that the allegedly unlawful conduct by Trooper David occurred on October 14, 2013. R. 7 ¶¶ 1, 2, 3, 4, 7. The limitations period on Carr's claims against Trooper David thus expired two years later, on October 14, 2015. Carr did not file his complaint until January 19, 2017—over a year after the statute of limitations expired.

Carr argues that the statute of limitations should be suspended because he was on trial in state court on a related case (ticket number 37998655) from 2013 to 2016. R. 23 at 3. "Federal courts using state limitations periods . . . apply the state's coordinate tolling rules as well." *Jenkins*, 506 F.3d at 624. Tolling of a civil rights suit is permitted under Illinois statute "if the person entitled to bring an action . . . at the time the cause of action accrued, is under the age of 18 years or is under a legal disability." 735 ILCS 5/13-211. A "legal disability" means being "entirely without understanding or capacity to make or communicate decisions . . . and

10

totally unable to manage [one's] estate or financial affairs." *In re Doe*, 703 N.E.2d 413, 414 (Ill. App. Ct. 1998) (quotation marks omitted). Carr's argument for tolling is not based on his age or legal disability.[2]

Nor does Carr's argument based on his related state court case implicate equitable tolling or other grounds for suspending the statute of limitations under Illinois law. Equitable tolling requires a plaintiff to exercise "due diligence" in pursuing a claim, a requirement that extends to *pro se* plaintiffs. *Turner v. M.B. Fin. Bank*, 2017 WL 4390367, at *4-5 (N.D. Ill. Oct. 3, 2017) (collecting cases). Carr does not "provide[] any explanation as to how [he] exercised all due diligence" here. *See id.* at *5. And, in any event, "[t]he Seventh Circuit has expressed doubts about whether equitable tolling exists under Illinois law." *Id.* at *4 n.1 (citing *Shropshear v. Corp. Counsel of City of Chi.*, 275 F.3d 593, 596 (7th Cir. 2001); *Fid. Nat. Title Ins. Co. of N.Y. v. Howard Sav. Bank*, 436 F.3d 836, 839 (7th Cir. 2006)). Accordingly, the Court dismisses without prejudice Carr's claims against Trooper David in his individual capacity as barred by the statute of limitations.

### 3. Individual Capacity Claims Against Captain Tran And Lieutenant Gibson: Failure To State A Claim

Captain Tran and Lieutenant Gibson move to dismiss under Rule 12(b)(6) Carr's individual capacity claims against them for failure to state a claim on which

---

[2] Carr does not provide any details about his state court case or indicate whether he was incarcerated while his state court case was being decided. Although imprisonment at one time was treated as a legal disability that tolled the statute of limitations under Illinois law, Illinois later changed that law and "deprived prisoners of any tolling benefits." *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). So even if Carr was incarcerated between 2013 and 2016, his incarceration would not toll his claims.

11

relief can be granted. To state a claim on which relief can be granted, Carr's complaint must contain factual allegations that, if taken as true, would allow "the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Iqbal*, 556 U.S. at 678.

**Lieutenant Gibson.** The complaint contains no allegations of misconduct by Lieutenant Gibson. In fact, with the exception of the case caption and the introductory paragraph, Lieutenant Gibson's name appears nowhere in the complaint. Moreover, the introductory paragraph simply states Lieutenant Gibson violated Carr's constitutional rights secured by § 1983 without any further facts or explanation of Lieutenant Gibson's involvement in the alleged misconduct. "[A] valid § 1983 claim for damages" against a state official "in his individual capacity requires a showing of direct responsibility for the improper action. In other words, *an individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Moore v. State of Ind.*, 999 F.2d 1125, 1129 (7th Cir. 1993) (quotation marks omitted) (emphasis in original). Because the complaint fails to allege any participation by Lieutenant Gibson in the alleged constitutional violations, the Court dismisses Carr's claims against Lieutenant Gibson without prejudice. *See, e.g.*, *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the

liberal construction to be given *pro se* complaints."); *accord Black v. Lane*, 22 F.3d 1395, 1401 n.8 (7th Cir. 1994).

**Captain Tran.** Carr alleges Captain Tran failed to interview Carr's wife while investigating Carr's complaint filed with the Illinois State Police Office of Internal Investigation against Trooper David, and that the investigation failed to include records of Carr's breathalyzer results. But "federal courts in the Seventh Circuit have not recognized an allegation of inadequate police investigatory work [in response to alleged misconduct] as sufficient to state a civil rights claim in the absence of another recognized constitutional right. Indeed, police officers are not constitutionally mandated to conduct an investigation at all." *Jacobson v. Nat'l R.R. Passenger Corp.*, 1999 WL 1101299, at *10 (N.D. Ill. Nov. 29, 1999) (collecting cases); *accord Harris v. Kuba*, 486 F.3d 1010, 1014 (7th Cir. 2007) (negligence by police during investigation does not state a § 1983 civil rights violation). Because Carr's complaint as pleaded merely alleges an inadequate investigation by Captain Tran, the Court dismisses Carr's allegations against Captain Tran in his individual capacity without prejudice.

### 4. **Carr's Motion To Strike**

Finally, Carr has filed two nearly identical motions to strike defendants' motion to dismiss, arguing that defendants should have responded to his allegations in an answer and through affirmative defenses. R. 23; R. 26. Under the Federal Rules of Civil Procedure, however, it was procedurally proper for defendants to move to dismiss this case pursuant to Rule 12(b)(6) prior to filing an answer and

affirmative defenses. *See* Fed. R. Civ. P. 12(a)(4) ("serving a motion under this rule" like the Rule 12(b)(6) motion filed by defendants in this case "alters the[] periods" for answering a complaint and makes an answer due "within 14 days after" the Court's ruling on the motion to dismiss, "[u]nless the court sets a different time"). For that reason, the Court denies Carr's motions to strike.

## Conclusion

For the reasons set forth above, this Court grants defendants' motion to dismiss (R. 21) and denies Carr's motions to strike (R. 23 and R. 26). By dismissing Carr's claims, the Court makes no judgment of the facts alleged; it merely finds that Carr has not sustained his legal burden of stating a claim for which he is presently entitled to legal relief.

If Carr believes he can cure the deficiencies identified in this opinion in his claims against defendants David, Gibson, or Tran in their individual capacities, he may file a motion for leave to file an amended complaint within 30 days. The motion should attach the proposed amended complaint and be supported by a brief of no more than five pages describing how the proposed amended complaint cures the deficiencies in the current complaint. Should Carr choose to file such a motion, defendants should not respond unless ordered to do so by the Court.

ENTERED:

*Thomas M. Durkin*
Honorable Thomas M. Durkin
United States District Judge

Dated: December 4, 2017

14