**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 27, 2019[*]
Decided March 29, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 18-2204 | |
| MARCUS A. CARR,<br>*Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 17 C 413 |
| ILLINOIS STATE POLICE, et al.,<br>*Defendants-Appellees*. | Thomas M. Durkin,<br>*Judge*. |

**O R D E R**

Marcus Carr sued the Illinois State Police and individual state troopers for violating the First, Fourth, Fifth, and Fourteenth Amendments. *See* 42 U.S.C. § 1983. He alleged that a trooper unlawfully pulled him over, made racist comments, and then wrongfully arrested him. He further alleged that the state police review board failed to properly investigate his grievance about the encounter. The district court dismissed the complaint, concluding that the applicable statute of limitations and the Eleventh

---

[*] We agreed to decide the case without oral argument because the appellate briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

No. 18-2204 Page 2

Amendment barred some of Carr's claims and that his remaining allegations failed to state a claim. Carr appeals, but his argument—that the judge was not entitled to dismiss the complaint before a response—lacks merit, and otherwise his appellate brief does not challenge the decision that his complaint failed to state a claim. Therefore, we affirm.

Carr and his wife were pulled over by Trooper Eric David in October 2013. David allegedly made "racist innuendos about it being impossible for [Carr] not to have warrants," which Carr, who is black, found offensive. Trooper David then told Carr to exit the vehicle because he smelled alcohol and that he would "tase" him if he did not comply. After David administered field sobriety tests, he arrested Carr.

In January 2016, more than two years later, Carr filed a grievance about the October 2013 incident with the Illinois State Police Division of Internal Investigation. He complained of an "unjust arrest and conviction of DUI," among other things. Captain Tran eventually responded that the division had conducted a preliminary investigation and no evidence supported the allegations. Carr alleges that investigators never interviewed him or his wife.

One year later Carr filed a federal complaint alleging that Trooper David's "racist innuendos" and the state police's failure to conduct a "thorough" investigation of his grievance violated his constitutional rights. He sued the state police, Trooper David, Captain Tran, and a lieutenant for damages and an injunction to protect him from future harassment. The judge granted the defendants' motion to dismiss the complaint, concluding that the Eleventh Amendment barred Carr's claims against the state police and the defendants in their official capacities, and that Carr lacked standing for injunctive relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105–06 (1983). The judge also determined that the Illinois statute of limitations, borrowed for purposes of § 1983 claims, barred Carr's claim against Trooper David. *See Woods v. Ill. Dep't of Children & Family Servs.*, 710 F.3d 762, 765 (7th Cir. 2013). Further, Carr failed to state a claim against Captain Tran and the lieutenant. The judge gave Carr 30 days to seek leave to amend the complaint. When Carr did not file a motion for leave to amend or to extend time within 30 days, the judge dismissed the case with prejudice. Carr appeals.

Construing Carr's appellate brief liberally, *see Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017), we can find only one argument: that he had the right to "receive a response and affirmative defense(s)" and "the normal judicial system processes" before dismissal. But Carr did receive a response. Within the time period permitted by their waivers of service, the defendants filed a joint motion to dismiss the

No. 18-2204 Page 3

complaint. Rule 12(b)(6) of the Federal Rules of Civil Procedure grants a defendant the right to raise the defense of failure to state a claim by motion, and the motion *must* be filed before filing an answer. FED. R. CIV. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). We understand Carr's desire for a substantive response to his factual allegations, but the judge did not deprive him of due process by entertaining the motion. *See Perry v. Sullivan*, 207 F.3d 379, 382–83 (7th Cir. 2000).

Otherwise, Carr's brief does not present an "articulable basis for disturbing the district court's judgment" or any argument "consisting of more than a generalized assertion of error." *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *see also* FED. R. APP. P. 28(a)(8)(A). Carr does not specify any errors in the judge's decision or argue that his complaint stated a claim for relief; he discusses police misconduct against African Americans generally and repeats the allegations in his complaint. To the extent that his reply brief is marginally more substantive, arguments raised for the first time in a reply brief are waived. *Padula v. Leimbach*, 656 F.3d 595, 605 (7th Cir. 2011).

AFFIRMED